IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ISAIAH HARLEY                                        *
        Plaintiff
   v.                                                  *   CIVIL ACTION NO. JFM-06-2242

DELL COMPUTER, INC.                              *
        Defendant.
                                       ***

**<u>MEMORANDUM</u>**

Plaintiff has filed approximately 30 civil actions in this court in the past two years, all of which were summarily dismissed because they failed to state a colorable federal claim. In August of 2000, Plaintiff was found guilty of one count of theft of government property and sentenced to six months, with credit for time served, and one year supervised release. *See United States v. Harley*, Criminal No. AMD-99-548 (D. Md.). Plaintiff was subsequently indicted on counts of mail fraud, impersonation, and false impersonation in March of 2002, but was subsequently found incompetent to stand trial. *See United States v. Harley*, Criminal No. JFM-02-0152 (D. Md. ). The indictment was dismissed without prejudice in October of 2004.

Plaintiff has filed this case against Dell Computer, alleging that it violated court order for procurement of supplies and services.[1] He seeks to settle for $75,000.00.

While *pro se* complaints are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[2] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief shall contain:

---

[1] Plaintiff holds himself out as a member of the Maryland Bar. The Maryland Client Security Trust Fund indicates that plaintiff is not a member of the Maryland Bar.

[2] A federal court does not act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Each "averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e)(1), so as to give defendants "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Plaintiff's cause of action was instituted as a 28 U.S.C. § 1331 federal question cause of action. This court, however, is unable to cull from the complaint even a hint of a federal question claim or, for that matter, any colorable federal cause of action. While plaintiff claims that Dell Computer has violated court order, no underlying facts are provided in support of the action.[3] Given Plaintiff's proclivity for filing rambling, undecipherable complaints in this court, the court concludes that affording him the opportunity to amend the complaint would be futile. For these reasons, the complaint is hereby dismissed.[4]

A separate Order follows.

Date: August 31, 2006                         /s/
                                              J. Frederick Motz
                                              United States District Judge

---

[3] No court order for procurement of supplies and services is provided and this court suspects, in light of plaintiff's civil and criminal case history in which he has falsely held himself out as a government procurement officer, judge, and attorney, that such an order does not exist.

[4] The complaint is not accompanied by the $350.00 filing fee or an in forma pauperis application. In light of the dismissal of this action, plaintiff shall not be required to cure this deficiency.